IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RONDELL CLARK,<br><br>Defendant. | Case No. 2:24-cr-131 |

## MEMORANDUM OPINION

On March 10, 2026, the Court issued an Order denying Defendant Rondell Clark's motion to stay execution of sentence and for release pending appeal. ECF Nos. 141 (motion), 146 (Order). This Memorandum Opinion memorializes the Court's reasoning.

I.  BACKGROUND

The defendant pleaded guilty to conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349, and mail fraud in violation of 18 U.S.C. § 1341. ECF Nos. 37 (amended indictment), 87 (plea agreement hearing). On January 7, 2026, the Court sentenced the defendant to 24 months of imprisonment and directed her to self-surrender to the Bureau of Prisons by 2:00 p.m. on March 10, 2026. ECF No. 126. On January 19, 2026, the defendant filed a notice of appeal from the conviction and sentence. ECF No. 134.

On February 24, 2026, merely two weeks before the defendant was due to self-surrender, she filed this motion, and the government opposed her request. ECF Nos. 141 (motion), 143 (opposition). On March 10, 2026, upon learning that the defendant

had refused to self-surrender, the Court issued an Order denying the motion for stay and release and directing the defendant to self-surrender by 5:00 p.m. that day, which the defendant complied with. ECF No. 146. That same day, the United States Court of Appeals for the Fourth Circuit issued an order similarly denying the defendant's request for release pending appeal. ECF No. 147.

## II.     LEGAL STANDARD

Under 18 U.S.C. § 3143(b), a person sentenced to a term of imprisonment "shall" be detained unless the court finds: (A) by clear and convincing evidence that they are "not likely to flee or pose a danger to the safety" of others; and (B) "the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term . . . less than the total of the time already served plus the expected duration of the appeal process." Whether a question is a "substantial question" is determined on a case-by-case basis and is defined as "a close question or one that very well could be decided the other way." *United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 1991) (citation and quotation marks omitted).

The standard of review for sentencing decisions is an "abuse-of-discretion standard" whether "the sentence imposed is inside or outside the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017). Under this standard, an appellate court reviews the sentence for procedural and substantive reasonableness. *Blue*, 877 F.3d at 517. Reasonableness is

measured "by whether the sentence was guided by the Sentencing Guidelines and by the provisions of [18 U.S.C.] § 3553(a)." *United States v. Green*, 436 F.3d 449, 456 (4th Cir. 2006). When reviewing a variant sentence, generally, "if the reasons justifying the variance are tied to [18 U.S.C.] § 3553(a) and are plausible, the sentence will be deemed reasonable." *United States v. Tucker*, 473 F.3d 556, 561 (4th Cir. 2007) (citation and quotation marks omitted).

### III.   ANALYSIS

The defendant asserts that her "sentence is substantively unreasonable because the district court imposed an upward variance that was not justified by the record or the 18 U.S.C. § 3553(a) factors" but instead "rested on . . . improper and unreliable considerations." ECF No. 141 at 3–4. But the Court's sentencing decision was informed by the Guidelines and by 18 U.S.C. § 3353(a), as it articulated in great detail at the sentencing hearing. ECF No. 144 at 73–83. And none of the defendant's arguments present a substantial question (*i.e.*, a close question) warranting release pending appeal under 18 U.S.C. § 3143(b).[1]

First, the defendant contends that the Court "failed to meaningfully account for" the disparity between the purported intended and actual loss amounts and that the intended loss amount was not properly calculated. ECF No. 141 at 4–5. But the Court quite clearly considered the actual loss amount, the parties' positions on the intended loss amount calculation, and the disparity between the amounts in reaching

---

[1] The defendant's appeal does not appear to be for the purpose of delay. *See* 18 U.S.C. § 3143(b)(B).

3

its conclusion. ECF No. 144 at 74:11–16, 83:11–13 (Court considered defense counsel's written and oral arguments). And the defendant specifically withdrew its initial objection to the calculation of the intended loss amount. *Id.* at 7:25–8:17 (Court confirming with defense counsel that she had withdrawn the objection to the loss amount calculation). The defendant does not point to any case law showing the Court's consideration was reversable error. *See* ECF No. 141 at 4–5. Absent a showing that the Court's calculation of the intended loss was not "reasonable," U.S.S.G. § 2B1.1, cmt. n.3(B), the defendant's argument does not present a substantial question.

Most importantly, the Court did not rest on the loss amount in varying upwards. ECF No. 144 at 77:10–14 ("I take [the defendant's] point that the actual loss in this case nowhere near approaches that intended loss figure. But from this Court's perspective, first, that doesn't really tell the whole story of this case, and second, this isn't about the loss at all."); *id.* at 82:20–83:3 (reasons for upward variance are "use of fictitious entities or the name of a real or maybe fake person" and "forging multiple court documents"); ECF No. 128 at 3 (reasons for upward variance); *cf. United States v. Baum*, 777 F. Supp. 6, 7–8 (E.D. Va. 1991) (denying motion for stay of execution of sentence because the court's loss amount calculation did not raise a "substantial question" and collecting appellate cases concluding that the district court properly relied on the "possible" or intended loss amount). Therefore, the defendant's argument that the Court erred in relying on the intended loss amount or

4

the gap between the intended and actual loss amount "as a basis for not issuing a downward variance" is unfounded. ECF No. 141 at 4–5.

Second, the defendant disputes the Court's reliance upon victim impact statements "from individuals who might not qualify as victims, where there is no evidentiary proof supporting the alleged harm described." ECF No. 141 at 5. The defendant does not identify the statements she takes issue with, *id.*, but the Court understands the defendant to be referring to the letter that the defendant objected to during the sentencing hearing, ECF No. 144 at 35:19–22. The Court overruled the defendant's objection after hearing argument from the parties but specifically stated that the letter would "not . . . move the needle ultimately" on "what the Court views as an appropriate sentence." *Id.* at 35:24–36:25. Therefore, contrary to the defendant's assertion, the Court did not "rel[y] upon" the letter in determining the sentence but rather considered it "for what it's worth," as it did the character letters the defendant submitted from both humans and dogs. *Id.* at 36:16–17; ECF No. 117-1.[2]

Third, the defendant contends that the "upward variance rested heavily on allegations" that the defendant "falsified court orders," which was not charged conduct nor included in the statement of facts, and so was "substantively

---

[2] The Court will not seriously engage with the defendant's one-line allegation, unsupported by any evidence, that the government "misrepresented to defense counsel which witnesses would be presented at sentencing, causing confusion." ECF No. 141 at 5. The government appears to have adequately notified the defendant of its two witnesses at sentencing. ECF No. 143-2 (the government provided the names of its sentencing witnesses via email less than one hour after defense counsel requested).

unreasonable." ECF No. 141 at 5. But the statement of facts clearly states that the defendant admitted to preparing and using forged court orders. *Id.* at 5; ECF No. 88 ¶ 25. The defendant's argument that "[a]t no point did she admit that *she* forged the order submitted," ECF No. 141 at 5, "attempts to split hairs about her involvement," ECF No. 143 at 7, in a way that is completely irrelevant to the Court's conclusion that the defendant was "part of a conspiracy that sends fraudulent court documents in the United States mail," which "anyone knows" is a crime, ECF No. 144 at 78:4–9. The Court properly relied on the defendant's fraudulent behavior in connection with falsified court orders, as outlined in the statement of facts, and the defendant does not proffer any credible argument otherwise.

Finally, the defendant asserts that her "serious medical conditions . . . underscore[] the disproportionality of the sentence and the lack of a reasoned basis for the variance." ECF No. 141 at 6, 7–11. But again, the Court carefully considered the defendant's physical and mental medical conditions in fashioning its sentence and ultimately permitted the defendant two months to self-surrender in light of those conditions. ECF No. 144 at 79:19–80:9, 89:2–11. Confusingly, alongside discussion of her medical conditions, the defendant references a line in a draft pre-sentence report (PSR) about the defendant's inability to pay a fine. ECF No. 141 at 6, *see* ECF No. 105 ¶ 75. However, the Court properly considered the information in the final PSR, plea agreement, and the parties' arguments as to the fine, and ultimately reasoned that a small, within-guidelines fine was appropriate. ECF No. 144 at 60:20–62:3, 85:23–86:10 (imposing a $7,500 fine, which may be paid in monthly installments of

$150 per month). The defendant erroneously contends the fine was a "variance," and has not provided any argument as to why such a fine "lack[ed] a reasoned basis." ECF No. 141 at 6.

Therefore, the defendant has not demonstrated that any of its arguments pose a substantial question that would likely result in a change in the defendant's sentencing under an abuse of discretion standard of review.[3]

## IV.   CONCLUSION

For the reasons stated herein, the Court denied Defendant Rondell Clark's motion for stay of execution of sentence and motion for release pending appeal (ECF No. 141). ECF No. 146.

/s/
Jamar K. Walker
United States District Judge

Norfolk, Virginia
March 13, 2026

---

[3] Because the Court determines that the defendant raises no substantial question, it need not address the defendant's arguments that she is not a flight risk or danger to the public, ECF No. 141 at 3, nor that there is a risk the defendant would have served "most or all" of her custodial sentence before an appellate decision, *id.* at 6.